### 46639.   DAMPIER v. BANK OF ALAPAHA.

EVANS, Judge. The Bank of Alapaha, by and through its agent and attorney, brought a dispossessory warrant proceeding against Mrs. Rebecca Dampier to oust her from possession of certain property as a tenant at sufferance. Mrs. Dampier, in a counter-affidavit, denied that she was a tenant at sufferance and alleged further that the plaintiff does not hold legal title or right of possession of said property, but that affiant holds the title and right of possession of said property. The plaintiff filed a motion to dismiss the counter-affidavit, alleging that it failed to set out a valid defense, and after a hearing and argument, the court sustained the motion to dismiss. The appeal is from this judgment. Error is enumerated thereon as well as on the writ of possession directing the sheriff to dispossess and remove the defendant from the property. *Held:*

Under our present system of notice pleadings the affidavit of the

plaintiff and the counter-affidavit of the defendant make an issue as to who holds legal title to the property and the right of possession thereof. While the appellee argues in its brief that matters outside the pleadings were presented to and considered by the court in ruling on the motion to dismiss the counter-affidavit (obviously feeling that it should have been treated as a motion for summary judgment, under *Code Ann.* § 81A-112 (b)), still none of this is supported or borne out by the record, and of course, we cannot consider matters which appear from counsel's brief only. We, therefore, consider defendant's attack as a single motion to dismiss and under the status of the pleadings, the said motion to dismiss was improperly sustained. See *Code* § 61-303, as amended (Ga. L. 1970, pp. 968, 969). Accordingly, the judgment must be

*Reversed. Jordan P. J., and Quillian, J., concur.*
Submitted October 6, 1971—Decided October 19, 1971.

*Edward Parrish, Elsie H. Griner,* for appellant.
*Fred L. Belcher,* for appellee.